**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>23-60138-CR-SINGHAL/DAMIAN</u>

18 U.S.C. § 1951(a)
18 U.S.C. § 924(o)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 924(d)(1)

> FILED BY_____AT_____D.C.
>
> *Jul 13, 2023*
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S. D. OF FLA. - FTL

UNITED STATES OF AMERICA

vs.

JORDAN DENZEL LEWIS,
TYRELL BRION BOUIE,
ANTHONY CHRISTOPHER DIGGS JR, and
JOHNTAEVIOUS HENRY JOHNSON,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.     OfferUp was a national online marketplace, headquartered in Bellevue, Washington, which was engaged in commercial activities in and affecting commerce. OfferUp allowed internet users to list property for sale and coordinate a sale on OfferUp's website and mobile application. Property listed for sale on OfferUp was available for sale throughout the United States.

2.     The Defendants, **JORDAN DENZEL LEWIS, TYRELL BRION BOUIE, ANTHONY CHRISTOPHER DIGGS JR, and JOHNTAEVIOUS HENRY JOHNSON,** used OfferUp to target and communicate with individuals, who had posted property for sale on OfferUp's website, for the purpose of robbing these individuals of their property.

## COUNT 1
### Conspiracy to Commit Robbery
### (18 U.S.C. § 1951(a))

3. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

4. Beginning in or around June 2022 and continuing through on or about October 2022, in Broward County and Palm Beach County, in the Southern District of Florida, the defendants,

**JORDAN DENZEL LEWIS,**
**TYRELL BRION BOUIE,**
**ANTHONY CHRISTOPHER DIGGS JR, and**
**JOHNTAEVIOUS HENRY JOHNSON,**

did knowingly and willfully combine, conspire, confederate, and agree with each other to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "robbery" and "commerce" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully plan to take property from the person and in the presence of individuals, against said individuals' will, by means of actual and threatened force, violence, and fear of injury to said individuals, in violation of Title 18, United States Code, Section 1951(a).

2

## <u>COUNT 2</u>
**Conspiracy to Use and Carry a Firearm During and In Relation to a Crime of Violence and to Possess a Firearm in Furtherance of a Crime of Violence**
**(18 U.S.C. § 924(o))**

5.  The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

6.  Beginning in or around June 2022 and continuing through on or about October 2022, in Broward County and Palm Beach County, in the Southern District of Florida, the defendants,

**JORDAN DENZEL LEWIS,**
**TYRELL BRION BOUIE,**
**ANTHONY CHRISTOPHER DIGGS JR, and**
**JOHNTAEVIOUS HENRY JOHNSON,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, to use and carry a firearm, during and in relation to a crime of violence, and to possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), as set forth in Counts 4, 6, and 8 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A); all in violation of Title 18, United States Code, Section 924(o).

3

## COUNT 3
### Robbery
### (18 U.S.C. § 1951(a))

7.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

8.      On or about September 27, 2022, in Broward County, in the Southern District of Florida, the defendants,

### JORDAN DENZEL LEWIS
### and
### JOHNTAEVIOUS HENRY JOHNSON,

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully take property from the person and in the presence of an individual, to wit: L.B., against said individual's will, by means of actual and threatened force, violence, and fear of injury to said individual, in violation of Title 18, United States Code, Section 1951(a) and Title 18, United States Code, Section 2.

4

## COUNT 4
### Brandishing a Firearm in Relation to a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A))

9.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

10.     On or about September 27, 2022, in Broward County, in the Southern District of Florida, the defendants,

**JORDAN DENZEL LEWIS**
**and**
**JOHNTAEVIOUS HENRY JOHNSON,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count 3 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COUNT 5
### Robbery
### (18 U.S.C. § 1951(a))

11.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

12.     On or about September 29, 2022, in Broward County, in the Southern District of Florida, the defendants,

**JORDAN DENZEL LEWIS,
ANTHONY CHRISTOPHER DIGGS JR, and
JOHNTAEVIOUS HENRY JOHNSON,**

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully take property from the person and in the presence of an individual, to wit: J.B., against said individual's will, by means of actual and threatened force, violence, and fear of injury to said individual, in violation of Title 18, United States Code, Section 1951(a) and Title 18, United States Code, Section 2.

6

## COUNT 6
### Brandishing a Firearm in Relation to a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A))

13.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

14.     On or about September 29, 2022, in Broward County, in the Southern District of Florida, the defendants,

**JORDAN DENZEL LEWIS,**
**ANTHONY CHRISTOPHER DIGGS JR, and**
**JOHNTAEVIOUS HENRY JOHNSON,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count 5 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

7

## COUNT 7
### Robbery
### (18 U.S.C. § 1951(a))

15.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

16.     On or about October 4, 2022, in Broward County, in the Southern District of Florida, the defendants,

**JORDAN DENZEL LEWIS,**
**TYRELL BRION BOUIE, and**
**ANTHONY CHRISTOPHER DIGGS JR,**

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully take property from the person and in the presence of an individual, to wit: J.Z., against said individual's will, by means of actual and threatened force, violence, and fear of injury to said individual, in violation of Title 18, United States Code, Section 1951(a) and Title 18, United States Code, Section 2.

8

## COUNT 8
### Brandishing a Firearm in Relation to a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A))

17.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

18.    On or about October 4, 2022, in Broward County, in the Southern District of Florida, the defendants,

**JORDAN DENZEL LEWIS,**
**TYRELL BRION BOUIE, and**
**ANTHONY CHRISTOPHER DIGGS JR,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count 7 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COUNT 9
### Robbery
### (18 U.S.C. § 1951(a))

19.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

20.     On or about October 4, 2022, in Broward County, in the Southern District of Florida, the defendants,

**JORDAN DENZEL LEWIS,**
**TYRELL BRION BOUIE, and**
**ANTHONY CHRISTOPHER DIGGS JR,**

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did unlawfully take property from the person and in the presence of an individual, to wit: D.A.L., against said individual's will, by means of actual and threatened force, violence, and fear of injury to said individual, in violation of Title 18, United States Code, Section 1951(a) and Title 18, United States Code, Section 2.

## COUNT 10
### Possession of Firearm by a Convicted Felon
### (18 U.S.C. § 922(g)(1))

21.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

22.     On or about October 22, 2022, in Palm Beach County, in the Southern District of Florida, the defendant,

**JORDAN DENZEL LEWIS,**

knowingly possessed a firearm in and affecting interstate commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

### FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which defendants, **JORDAN DENZEL LEWIS, TYRELL BRION BOUIE, ANTHONY CHRISTOPHER DIGGS JR**, and **JOHNTAEVIOUS HENRY JOHNSON**, have an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 1951, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.     Upon conviction of a violation of Title 18, United States Code, Section 924(c), or a violation of any other criminal law of the United States, as alleged in this Indictment, the defendants shall forfeit to the United States any firearm involved in or used in such offense, pursuant to Title 18, United States Code, Section 924(d).

11

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DERIC ZACCA
ASSISTANT UNITED STATES ATTORNEY

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**CASE NO.:** _____

v.

**CERTIFICATE OF TRIAL ATTORNEY**

JORDAN DENZEL LEWIS, et al

_____/

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami     ☐ Key West     ☐ FTP
☒ FTL       ☐ WPB

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No_____
    List language and/or dialect: _____

4.  This case will take __20__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                    (Check only one)
    I    ☐  0 to  5 days     ☐ Petty
    II   ☐  6 to 10 days     ☐ Minor
    III  ☒ 11 to 20 days     ☐ Misdemeanor
    IV   ☐ 21 to 60 days     ☒ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No_____
    If yes, Judge _____ Case No. _____
7.  Has a complaint been filed in this matter? (Yes or No) No_____
    If yes, Magistrate Case No. _____
8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No_____
    If yes, Judge _____ Case No. _____
9.  Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No_____
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No_____
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No_____
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No_____

By: _____
    Deric Zacca
    Assistant United States Attorney
    FL Bar No.      151378

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: _____ JORDAN DENZEL LEWIS _____

**Case No**: _____

Count #: 1

18 U.S.C. § 1951(a) _____

Conspiracy to Commit Hobbs Act Robbery _____
* **Max. Term of Imprisonment: 20 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 Years'**
* **Max. Fine: $250,000**

Count #: 2

18 U.S.C. § 924(o) _____

Conspiracy to Use and Carry a Firearm During and In Relation to a Crime of Violence and to
Possess a Firearm in Furtherance of a Crime of Violence _____
* **Max. Term of Imprisonment: 20 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 Years'**
* **Max. Fine: $250,000**

Counts #: 3, 5, 7, and 9

18 U.S.C. § 1951(a) _____

Robbery _____
* **Max. Term of Imprisonment: 20 years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 5 Years'**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: _____JORDAN DENZEL LEWIS_____

**Case No**: _____

Counts #: 4, 6, and 8

18 U.S.C. § 924(c)(1)(A)_____

Brandishing a Firearm in Relation to a Crime of Violence_____
* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 7 Years' consecutive**
* **Max. Supervised Release: 5 Years'**
* **Max. Fine: $250,000**

Count #: 10

18 U.S.C. § 922(g)(1)_____

Possession of Firearm by a Convicted Felon_____
* **Max. Term of Imprisonment: 10 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 Years'**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: _____ TYRELL BRION BOUIE _____

Case No: _____

Count #: 1

18 U.S.C. § 1951(a) _____

Conspiracy to Commit Hobbs Act Robbery _____
* Max. Term of Imprisonment: 20 Years'
* Mandatory Min. Term of Imprisonment (if applicable): None
* Max. Supervised Release: 3 Years'
* Max. Fine: $250,000

Count #: 2

18 U.S.C. § 924(o) _____

Conspiracy to Use and Carry a Firearm During and In Relation to a Crime of Violence and to ___
Possess a Firearm in Furtherance of a Crime of Violence _____
* Max. Term of Imprisonment: 20 Years'
* Mandatory Min. Term of Imprisonment (if applicable): None
* Max. Supervised Release: 3 Years'
* Max. Fine: $250,000

Counts #: 7 and 9

18 U.S.C. § 1951(a) _____

Robbery _____
* Max. Term of Imprisonment: 20 years'
* Mandatory Min. Term of Imprisonment (if applicable): None
* Max. Supervised Release: 5 Years'
* Max. Fine: $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** _____TYRELL BRION BOUIE_____

**Case No:** _____

Count #: 8

18 U.S.C. § 924(c)(1)(A) _____

Brandishing a Firearm in Relation to a Crime of Violence _____
* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 7 Years' consecutive**
* **Max. Supervised Release: 5 Years'**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: _____ ANTHONY CHRISTOPHER DIGGS JR _____

**Case No**: _____

Count #: 1

18 U.S.C. § 1951(a)

Conspiracy to Commit Hobbs Act Robbery
* **Max. Term of Imprisonment: 20 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 Years'**
* **Max. Fine: $250,000**

Count #: 2

18 U.S.C. § 924(o)

Conspiracy to Use and Carry a Firearm During and In Relation to a Crime of Violence and to
Possess a Firearm in Furtherance of a Crime of Violence
* **Max. Term of Imprisonment: 20 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 Years'**
* **Max. Fine: $250,000**

Count #: 5, 7 and 9

18 U.S.C. § 1951(a)

Robbery
* **Max. Term of Imprisonment: 20 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release:   3 Years'**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: _____ ANTHONY CHRISTOPHER DIGGS JR _____

**Case No**: _____

Count #: 6 and 8

18 U.S.C. § 924(c)(1)(A)

Brandishing a Firearm in Relation to a Crime of Violence
* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 7 Years' consecutive**
* **Max. Supervised Release: 5 Years'**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**     JOHNTAEVIOUS HENRY JOHNSON

**Case No:** _____

Count #: 1

18 U.S.C. § 1951(a)

Conspiracy to Commit Hobbs Act Robbery
* **Max. Term of Imprisonment: 20 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 Years'**
* **Max. Fine: $250,000**

Count #: 2

18 U.S.C. § 924(o)

Conspiracy to Use and Carry a Firearm During and In Relation to a Crime of Violence and to Possess a Firearm in Furtherance of a Crime of Violence
* **Max. Term of Imprisonment: 20 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 Years'**
* **Max. Fine: $250,000**

Count #: 3 and 5

18 U.S.C. § 1951(a)

Robbery
* **Max. Term of Imprisonment: 20 Years'**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release:   3 Years'**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: _____ JOHNTAEVIOUS HENRY JOHNSON _____

**Case No**: _____

Counts #: 4 and 6

18 U.S.C. § 924(c)(1)(A) _____

Brandishing a Firearm in Relation to a Crime of Violence _____
* **Max. Term of Imprisonment: Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 7 Years' consecutive**
* **Max. Supervised Release: 5 Years'**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**